OPINION
{¶ 1} Defendant-appellant, Michael Gesell, appeals his conviction and sentence in the Butler County Area I Court for assault and sexual imposition.
 {¶ 2} In the early morning hours of October 31, 2003, Emilie Wolf, then 22 years old, was with her boyfriend and other friends at "First Run," a bar in Oxford, Ohio. Also at the bar that evening was Michael Gesell (hereinafter "appellant"), then 39 years old. Appellant was one of the managers at First Run, but was "off the clock" this evening, drinking with his friends. At the time, neither Emilie nor appellant were acquainted with each other.
 {¶ 3} Emilie was dressed in a Halloween costume that night and she had two mixed drinks. As she was leaving the bar's lower floor area by walking up a set of stairs, appellant grabbed Emilie's buttocks. Emilie turned around, stepped down from the stairs and confronted appellant, asking him, "What do you think you're doing?" Appellant reached behind Emilie and grabbed her buttocks again, telling her, "I'll grab your butt if I want to." Emilie slapped appellant across his face with her right hand. When she tried to slap him again, appellant blocked the slap and then grabbed her left hand and bent it backward.
 {¶ 4} Appellant began pushing Emily backward. She started punching him, even biting him at one point, to get him off of her. While this was occurring, appellant told Emilie, "You don't know who you're messing with." Appellant wound up on top of Emilie on the ground. He got off her when the bar's "crowd control" personnel came over to them. Emilie went to the manager in charge at First Run, who told Emilie to go the police station and bring the police back. But when Emilie returned with the police, appellant was no longer there.
 {¶ 5} Later that morning, at 7:15 a.m., appellant voluntarily came to the Oxford Police Department and spoke with Detective Dennis Barter. Appellant told Detective Barter that he had been partying at First Run the night before and that an incident had occurred that evening, which "he didn't remember having anything to do with[.]"
 {¶ 6} After Detective Barker read the incident report, he advised appellant of his Miranda rights. He then informed appellant that he had been accused of "grabbing a young lady's buttocks." Appellant said that he "didn't remember anything like that," but did remember being "struck by the young lady." Appellant also remembered grabbing "her wrist so that she wouldn't strike him again." Appellant admitted to Detective Barter that he had been "drinking heavily" at the party, and that he was "hung over."
 {¶ 7} Appellant was charged by way of complaint with assault in violation of R.C. 2903.13, a misdemeanor of the first degree, and sexual imposition in violation of R.C. 2907.06, a misdemeanor of the third degree. Appellant agreed to have his case heard by a magistrate.
 {¶ 8} A trial was held on the matter on February 27, 2004. At the conclusion of evidence, the magistrate found appellant guilty of both charges. Appellant filed objections to the magistrate's recommendation. On March 28, 2005, the trial court overruled those objections and adopted the magistrate's decision finding appellant guilty as charged.
 {¶ 9} On May 12, 2005, the magistrate recommended that appellant receive a suspended jail sentence of 180 days and a fine of $1,000, with $500 of the fine suspended, for his conviction on the assault charge, and that appellant receive a suspended jail sentence of 60 days and a fine of $600, with $400 of the fine suspended, for his conviction on the sexual imposition charge. On July 26, 2005, the trial court adopted the magistrate's sentencing recommendations.
 {¶ 10} Appellant now appeals, raising the following assignments of error:
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AND THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE CHARGE OF SEXUAL IMPOSITION."
 {¶ 13} Appellant argues that the trial court erred in overruling his Crim.R. 29 motion for acquittal on the sexual imposition charge because the state failed to present sufficient evidence to convict him of that offense. He also argues that his conviction on the sexual imposition charge was contrary to the manifest weight of the evidence. We disagree with these arguments.
 {¶ 14} Crim.R. 29(A) states, in pertinent part:
 {¶ 15} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 16} Although appellant raises both challenges in one assignment of error, a challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence. State v. McKnight, 107 Ohio St.3d 101, 112,2005-Ohio-6046, citing State v. Scott, 101 Ohio St.3d 31,2004-Ohio-10.
 {¶ 17} "In reviewing a claim of insufficient evidence, `[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" McKnight, 2005-Ohio-6046 at ¶ 70, quoting State v. Jenks (1991), 61 Ohio St.3d 259, 574, paragraph two of the syllabus.
 {¶ 18} In reviewing a claim that a conviction is against the manifest weight of the evidence, an appellate court applies a different test. McKnight, 2005-Ohio-6046 at ¶ 71. In considering a manifest weight of the evidence challenge, an appellate court, "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury [or trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175
 {¶ 19} Appellant was convicted of sexual imposition in violation of R.C. 2907.06(A)(1). That section states, in pertinent part:
 {¶ 20} "(A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:
 {¶ 21} "(1) The offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard."
 {¶ 22} Appellant first contends that there was insufficient evidence to convict him of sexual imposition because the state failed to prove that he had "sexual contact" with Emilie Wolfe. We disagree with this contention.
 {¶ 23} "`Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttocks, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." (Emphasis added.) R.C. 2907.01(B). The Ohio Revised Code does not define "sexual arousal" or "sexual gratification." In re Anderson (1996), 116 Ohio App.3d 441,443. However, R.C. 2907.01(B) "contemplate[s] any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying." State v. Astley (1987),36 Ohio App.3d 247, 250. See, also, Anderson,116 Ohio App.3d at 443.
 {¶ 24} In determining whether sexual contact occurred, "the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision, the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts, the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." State v. Cobb (1991), 81 Ohio App.3d 179, 185. See, also, Anderson, 116 Ohio App.3d at 444 (quoting the above language from Cobb).
 {¶ 25} "While the purpose of sexual arousal or gratification is an essential element of the offense of gross sexual imposition and sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification. SeeIn re D.S., Warren App. Nos. CA2004-04-036 and CA2004-04-046,2005-Ohio-1803, ¶ 19, citing In re Anderson (1996),116 Ohio App.3d 441, 444. Whether the touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact. Anderson at 443-444; State v. Mundy (1994),99 Ohio App.3d 275, 289. In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making the physical contact with the victim. Id.; State v. Cobb
(1991), 81 Ohio App. 3d 179." State v. Meredith, Warren App. No. CA2004-06-062, 2005-Ohio-2664, ¶ 13.
 {¶ 26} In this case, Emilie testified that appellant grabbed her buttocks as she was walking up a set of stairs at First Run. When she confronted him and asked him, "What do you think you're doing?," appellant grabbed her buttocks again, saying, "I'll grab your butt if I want to." The incident took place at a bar. Appellant admitted to a police officer that he had been "drinking heavily" that night. At trial, appellant admitted that he had drank six beers by the time the incident occurred. Considering the "type, nature and circumstances of the contact, along with the personality of the defendant[,]" Cobb,81 Ohio App.3d at 185, the trier of fact in this case was permitted to infer that by grabbing Emillie's buttocks, appellant "touched" an "erogenous zone of another * * * for the purpose of sexually arousing or gratifying" himself, R.C. 2907.01(B), and that this touching constituted sexual contact. R.C. 2907.01(B).
 {¶ 27} Appellant also argues that his conviction for sexual imposition was not supported by sufficient evidence because the only evidence presented that tended to show that he had committed the offense of sexual imposition came from Emilie Wolfe, the victim in this case, and such evidence is insufficient to support a conviction for this offense, pursuant to R.C. 2907.06(B). We disagree with this argument.
 {¶ 28} R.C. 2907.06(B) states that "[n]o person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." The Ohio Supreme Court has stated that "[t]he corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory."State v. Economo, 76 Ohio St.3d 56, syllabus, 1996-Ohio-426.
 {¶ 29} In this case, one of the bartenders at First Run, Lindsay Babcock, testified that as Emilie Wolfe walked up the stairs, appellant "reached over and put his hand up the stairs where she was." Babcock acknowledged that she did not actually see appellant grab Emilie's buttocks, but she testified that after appellant had "reached up there[,]" Emilie "immediately turned around and ran back down the stairs and slapped him."
 {¶ 30} Appellant makes much of the fact that Babcock did not actually see his hand come into physical contact with Emilie's buttocks. But the factual circumstances about which Babcock testified strongly support an inference that that is exactly what happened. Thus, Babcock's testimony provides the "corroborating evidence necessary to satisfy R.C. 2907.06(B)," even though that testimony may not have been "independently sufficient to convict" appellant of sexual imposition, since all that was needed was "[s]light circumstances or evidence" that tended to support Emilie's testimony. Economo, 1996-Ohio-426 at syllabus.
 {¶ 31} Appellant also argues that his testimony at trial, along with the testimony of his witness, Mike Galloway, established that he only touched Emilie on the "small of her back" in order to get her attention, and that he did not grab Emilie's buttocks, as she insisted. We find this argument unpersuasive.
 {¶ 32} In reviewing a claim of insufficient evidence, an appellate court is obligated to view the evidence in a light most favorable to the prosecution. McKnight, 2006-Ohio-6046 at ¶ 70, citing Jenks, 61 Ohio St.3d 259, paragraph two of the syllabus. "The credibility of the evidence is not the focus of a Crim.R. 29(A) motion; rather, the motion focuses solely upon the legal sufficiency of the evidence." State v. Dunaway (Feb. 18, 1997), Butler App. No. CA96-08-152, citing State v. Harcourt (1988),46 Ohio App.3d 52, 56.
 {¶ 33} When the evidence presented in this case is examined in a light most favorable to the prosecution, it is apparent that the state presented sufficient evidence through the testimony of Emilie Wolfe and Lindsay Babcock to convict appellant of sexual imposition, pursuant to R.C. 2907.06(A)(1).
 {¶ 34} In reviewing a claim that a conviction is against the manifest weight of the evidence, an appellate court is obligated to consider, among other things, the weight to be given the evidence presented and the credibility of the witnesses. SeeThompkins, 78 Ohio St.3d at 387, quoting Martin,20 Ohio App.3d at 175. However, the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact, since the trier of fact is in the best position to observe the testimony of the witnesses and to judge their credibility. See State v. Williams, Fayette App. No. CA2005-04-016, 2006-Ohio-3084, at ¶ 25, citing State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 35} In this case, the trial court was entitled to believe Emilie Wolfe's and Lindsay Babcock's testimony that appellant grabbed Emilie's buttocks, and disbelieve appellant's and Mike Galloway's testimony that appellant only touched Emilie on the small of her back to get her attention. See State v. Nichols
(1993), 85 Ohio App.3d 65, 76 (trier of fact is free to believe or disbelieve all, part, or none of the testimony of any witness, since the trier of fact is in a much better position than a reviewing court to view the witnesses, observe their demeanor, and assess their credibility).
 {¶ 36} Both appellant and Galloway acknowledged at trial that they had had a lot to drink on the night in question. Appellant's denial of Emilie's charge was obviously self-serving. And while Galloway testified at trial that appellant only touched Emilie on the small of the back, he acknowledged that he had given a statement to police in which he had stated that appellant touched Emilie on her "Lower back/butt."
 {¶ 37} A review of the totality of the evidence presented at trial demonstrates that appellant's conviction on the charge of sexual imposition was not contrary to the manifest weight of the evidence.
 {¶ 38} Appellant's first assignment of error is overruled.
 {¶ 39} Assignment of Error No. 2:
 {¶ 40} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING APPELLANT'S MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29 AND THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE CHARGE OF ASSAULT."
 {¶ 41} Appellant argues that his conviction for assault in violation of R.C. 2903.13(A) was not supported by sufficient evidence because the state failed to prove that he "knowingly caused" physical harm to Emilie Wolfe. We disagree with this argument.
 {¶ 42} R.C. 2903.13(A) states, in pertinent part, "No person shall knowingly cause or attempt to cause physical harm to another * * *." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C.2901.22(B). Whether a defendant acted "knowingly" must be inferred from the totality of the circumstances surrounding the alleged offense. See State v. Booth (1999),133 Ohio App.3d 555, 562. "Cause" is defined as "an act or failure to act which in a natural and continuous sequence directly produces [physical harm to another], and without which it would not have occurred." 4 Ohio Jury Instructions (2006) 64-65, Section 409.55.
 {¶ 43} In this case, appellant acknowledges that he grabbed Emilie Wolfe's wrist and that she sustained some type of injury as a result. However, he contends that the state failed to prove that he "knowingly" caused physical harm to Emilie, because the state failed to present evidence showing that he "had an intent" to harm her. He asserts that his only intention in grabbing Emilie's wrist was to prevent her from further slapping him, and that any injuries sustained by Emilie resulted from his acting in legitimate self-defense. We find these contentions unpersuasive.
 {¶ 44} Initially, the state only needs to prove that an offender had a "specific intention to cause a certain result" when the state is required to prove that the offender acted "purposely." See R.C. 2901.22(A). In this case, the state only needed to demonstrate that appellant acted "knowingly" in order to obtain a conviction for assault in violation of R.C.2903.13(A). As we have already said, R.C. 2901.22(B) provides, in pertinent part, that "[a] person acts knowingly, regardless ofhis purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."
 {¶ 45} Therefore, in order to prove that appellant "knowingly caused" physical harm to Emilie, the state did not need to prove that appellant had the specific intention to cause Emilie physical harm. Instead, the state was only required to prove that appellant was "aware that his conduct w[ould] probably cause Emily physical harm." R.C. 2901.22(B).
 {¶ 46} In this case, the evidence showed that appellant grabbed Emilie's wrist and bent it backwards. He then pushed her backwards and the two of them wound up on the floor, with appellant on top of her. During this confrontation, appellant told Emilie, "You don't know who you're messing with." Under the totality of the circumstances, there was ample evidence presented to allow the trial court to conclude that appellant was aware that his conduct would probably cause physical harm to Emilie, which, in fact, it did.
 {¶ 47} We also disagree with appellant's claim of self-defense. "Under Ohio law, self-defense is an affirmative defense for which the defendant bears the burden of proof. In order for a defendant to establish self defense involving the use of nondeadly force, he must prove by a preponderance of the evidence (1) that the defendant was not at fault in creating the situation giving rise to the altercation and (2) that he had reasonable grounds to believe and an honest belief, even though mistaken, that he was in imminent danger of bodily harm and his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm. [Footnote and citations omitted.] There is no duty to retreat when nondeadly force is employed. [Citation omitted.]" State v.Fritz, 163 Ohio App.3d 276, 284, 2005-Ohio-4736, ¶ 20.
 {¶ 48} In this case, the testimony of Emilie Wolfe and Lindsay Babcock showed that appellant was "at fault in creating the situation giving rise to the altercation." Fritz,2005-Ohio-4736 at ¶ 20. Specifically, their testimony showed that appellant grabbed Emilie's buttocks. When Emilie confronted appellant on this, he grabbed her buttocks a second time, telling her, "I'll grab your butt if I want to." This remark provoked Emilie to slap appellant. When Emilie tried to slap him again, appellant grabbed her wrist and started pushing her, eventually forcing her to the floor. Therefore, there was evidence to show that appellant was the aggressor in this altercation.
 {¶ 49} While appellant testified that Emilie slapped him first, and that he grabbed her wrist only in an effort to protect himself, the trial court, as was its right, chose to believe Emilie's version of events, rather than appellant's. SeeNichols, 85 Ohio App.3d at 76 (trier of fact is free to believe or disbelieve all, part, or none of the testimony of any witness). Thus, appellant failed to meet his burden of proving the affirmative defense of self-defense by a preponderance of the evidence. See Fritz, 2005-Ohio-4736 at ¶ 20.
 {¶ 50} Given the foregoing, we conclude that there was sufficient evidence presented to support appellant's conviction for assault under R.C. 2903.13(A), and that appellant's conviction for that offense was not against the manifest weight of the evidence.
 {¶ 51} Appellant's second assignment of error is overruled.
 {¶ 52} The trial court's judgment is affirmed.
Walsh, P.J., and Young, J., concur.