[Cite as *State v. McCoy*, 2016-Ohio-1577.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-05-095 |
| | : | O P I N I O N |
| - vs - | | 4/18/2016 |
| | : | |
| DALE MCCOY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 15 CRB 00800-A


Neal D. Schuett, Hamilton City Prosecutor, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, P.J.**

{¶ 1} Defendant-appellant, Dale McCoy, appeals his conviction in the Hamilton Municipal Court for sexual imposition.

{¶ 2} On an October afternoon in 2015, M.L. was in a Walgreens store waiting for a prescription to be filled at the pharmacy. As she stood looking at a display on the end of an aisle, McCoy approached her from behind. M.L. felt McCoy's hand touch her buttocks, and

noticed that the touch did not feel normal because McCoy's hand was in a cast. Even though McCoy's hand was in a cast, M.L. felt pressure from individual fingers on her buttocks.

{¶ 3} At first, M.L. questioned whether the contact was accidental until McCoy turned to her and said, "you know you liked it." M.L. then approached the store manager to inform him of what occurred. While the store manager began to gather more information, M.L. waited with a different employee until police arrived. While waiting for police, McCoy passed M.L. and stared and smirked at her. M.L. photographed McCoy on her cellular phone during one of the times he walked near her.

{¶ 4} By private complaint, McCoy was charged with one count of sexual imposition, and he pled not guilty. The matter proceeded to a bench trial, after which the trial court found McCoy guilty and sentenced him to 60 days in jail. McCoy now appeals his conviction, raising two assignments of error for our review. Given that the assignments of error are interrelated, we will address them together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT MR. MCCOY OF SEXUAL IMPOSITION.

{¶ 7} Assignment of Error No. 2:

{¶ 8} MR. MCCOY'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} McCoy argues in his first and second assignments of error that his conviction was not supported by sufficient evidence and was rendered against the manifest weight of the evidence.

{¶ 10} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson,* 12th Dist. Warren No. CA2006-01-

007, 2007-Ohio-2298. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Crockett*, 12th Dist. Fayette No. CA2014-08-018, 2015-Ohio-1765, ¶ 18.

{¶ 11} A manifest weight challenge examines the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298. When determining whether a conviction is against the manifest weight of the evidence, the court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Cummings*, 12th Dist. Butler No. CA2006-09-224, 2007-Ohio-4970, ¶ 12.

{¶ 12} While appellate review includes the responsibility to consider the credibility of witnesses and the weight given to the evidence, "these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence." *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶ 13} McCoy was convicted of sexual imposition in violation of R.C. 2907.06(A)(1), which provides that "no person shall have sexual contact with another, not the spouse of the offender; * * * when any of the following applies: (1) The offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard."

{¶ 14} Sexual contact means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, *buttocks,* pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). (Emphasis added.) In regard to "sexual arousal" or "sexual gratification," R.C. 2907.01(B) contemplates "any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying." *State v. Gesell*, 12th Dist. Butler No. CA2005-08-367, 2006-Ohio-3621, ¶ 23.

{¶ 15} While the purpose of sexual arousal or gratification is an element of sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification. *State v. Robinson*, 12th Dist. Clermont No. CA2015-01-013, 2015-Ohio-4533, ¶ 42. Whether the touching was performed for the purpose of sexual arousal or gratification may be inferred from the type, nature, and circumstances of the contact. *Gesell* at ¶ 25. In determining the defendant's purpose, the trier of fact may infer what the defendant's motivation was in making the physical contact with the victim. *State v. Meredith*, Warren App. No. CA2004-06-062, 2005-Ohio-2664, ¶ 13.

{¶ 16} During the bench trial, M.L. testified that she was in the Walgreens on the day of the incident to pick up prescriptions, and that while waiting, McCoy walked behind her and touched her buttocks. M.L. testified that the touching felt "weird" because McCoy's hand was in a cast, and that she felt pressure from individual fingers on her buttocks from McCoy's touch. M.L. looked at McCoy as he passed, at which time he said to her, "you know you liked it."

{¶ 17} M.L. immediately informed the store manager of what occurred, and then waited with a store employee for the police to arrive. During that time, M.L. took McCoy's photograph on her phone when he walked past her. M.L. testified that while she was waiting for police, McCoy stared and smirked at her.

{¶ 18} The store's manager then testified, and stated that when M.L. approached him after being touched, she was "distraught" and that she informed him that a man had touched her buttocks. The manager testified that M.L. identified McCoy while she was still in the store as the man who had touched her, and then confirmed that McCoy was the man M.L. pointed out to him that day in the store.

{¶ 19} McCoy testified in his own defense, and denied ever touching M.L.—accidental or not. McCoy stated that he was in Walgreens to get his prescriptions, that he walked around the store for approximately 45 minutes, and that he never touched or stared at M.L.

{¶ 20} The trial court found McCoy guilty, noting that it specifically found M.L.'s testimony credible that McCoy touched her buttocks with his hand/fingers. The trial court was permitted to infer what McCoy's motivation was when making physical contact with M.L.'s buttocks, especially when considering McCoy's statement that he knew M.L. "liked it," which has a sexual connotation. Moreover, the court noted that M.L.'s actions after she was touched were indicative of her having been touched in an offensive manner because she immediately informed store management and then waited with a store employee until police arrived.

{¶ 21} After viewing this evidence in a light most favorable to the prosecution and relying on the trial court's credibility determination that M.L's testimony was credible while McCoy's was not, we find that McCoy's conviction was supported by sufficient evidence and was not otherwise rendered against the manifest weight of the evidence. As such, McCoy's two assignments of error are overruled.

{¶ 22} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.