[Cite as *State v. Plummer*, 2018-Ohio-1455.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-06-080 |
| | : | O P I N I O N |
| - vs - | | 4/16/2018 |
| | : | |
| JOSEPH PLUMMER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR32683

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Kidd & Urling LLC, Thomas W. Kidd, Jr., 8913 Cincinnati-Dayton Road, West Chester, Ohio 45069, for defendant-appellant

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Joseph Plummer, appeals his convictions for gross sexual imposition in the Warren County Court of Common Pleas. For the reasons set forth below, we affirm his convictions.

{¶ 2} On January 20, 2017, the Warren County Grand Jury indicted Plummer for two third-degree felony counts of gross sexual imposition. The indictment alleged that Plummer

had sexual contact with the victim, a child under the age of 13, on or about the time periods of June 1, 2013 through October 31, 2013 and April 1, 2014 through December 31, 2015.

{¶ 3} On March 30, 2017, the trial court held a pretrial conference regarding Plummer's intention to waive his right to a jury trial. A written jury waiver was executed on this date, which indicated Plummer "voluntarily waive[d] and relinquish[ed his] right to a trial by jury, and elect[ed] to [a bench trial] * * *." The written waiver further indicated Plummer fully understood he had "a constitutional right to a" jury trial. Plummer and his attorney signed the written jury waiver. During the conference, the trial court informed Plummer of his constitutional right to a jury trial and Plummer told the trial court he had discussed the matter with his attorney, did not feel pressured to waive his right to a jury trial, and wished to waive the right based upon his own free will. The trial court accepted Plummer's jury waiver on the record and the written waiver was filed with the clerk of courts.

{¶ 4} The case proceeded to a two-day bench trial, which began on April 10, 2017. The state presented testimony from the victim, E.P., E.P.'s mother and Plummer's ex-wife ("Mother"), E.P.'s maternal grandmother ("Grandmother"), Detective Brandi Carter of the Warren County Sheriff's Office, and Dr. Jewel Stevens. Plummer testified on his own behalf.

{¶ 5} E.P. testified that she turned 13 years old on December 29, 2016 and that Plummer is her father. In January 2017, E.P. informed Mother and Grandmother that Plummer touched her inappropriately. E.P. explained that on multiple occasions she awoke to Plummer next to her bed with his hand beneath her clothing touching her vagina in a rubbing motion. Specifically, E.P. recalled the inappropriate touching occurred at two Warren County residences located on Park Avenue and Clay Street. E.P. testified Plummer stopped touching her vagina when E.P. awoke and whispered to him to stop. E.P. never attempted to wake anyone when the touching occurred. E.P. explained that she decided to eventually tell Mother and Grandmother about the inappropriate touching due to stress.

{¶ 6} Mother testified that she resided with Plummer, E.P., and her other three children at the Park Avenue residence from June to October in 2013. Mother further testified the family resided with Plummer's parents on Clay Street from approximately April to October in 2014 and from April to December in 2015. Mother and Grandmother both testified that, on January 3, 2017, E.P. disclosed to them that Plummer inappropriately touched her at the two Warren County residences. Mother explained that E.P. slept on a futon in the same room where Mother and Plummer slept at the Clay Street residence.

{¶ 7} Detective Brandi Carter testified she conducted an examination of E.P. and found no physical injury. Carter interviewed Plummer as part of her investigation and stated that Plummer denied the allegations. Dr. Jewel Stevens testified E.P. suffers from exercise-induced asthma and situational anxiety.

{¶ 8} Plummer testified that he neither physically punished nor inappropriately touched his children. Plummer described the room layout at Clay Street and claimed there was insufficient space to kneel or sit by E.P.'s bed. Thus, due to the space confines of the room, it was impossible for the allegations to be true. Plummer testified the living space at Park Avenue was likewise very tight and would have prevented him from inappropriately touching E.P. without waking Mother or E.P.'s sister, who slept with E.P. on the futon.

{¶ 9} Following Plummer's testimony, the state called Mother as a rebuttal witness. Mother testified there was approximately three feet between the parents' bed and the futon where E.P. slept at the Clay Street residence. Mother stated that one could walk between the beds and that the passageway could "easily" fit "maybe two people side by side." Mother testified E.P. did not sleep in the parents' bedroom at Park Avenue.

{¶ 10} After the close of evidence and closing arguments, the trial court found Plummer guilty of both counts of gross sexual imposition. The trial court sentenced Plummer to a four-year prison term, with credit for 132 days served.

{¶ 11} Plummer timely appealed his convictions.

{¶ 12} Assignment of Error No.1:

{¶ 13} MR. PLUMMER'S WAIVER OF A JURY TRIAL WAS NOT FILED WITH THE CLERK OF COURTS. THEREFORE[,] THE TRIAL COURT LACKED JURISDICTION TO CONDUCT A BENCH TRIAL.

{¶ 14} Plummer contends that there is no record of a written jury waiver filed in this matter; therefore, the trial court lacked jurisdiction to hold a trial without a jury.

{¶ 15} "The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 6, citing *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444 (1968). Likewise, the Ohio Constitution guarantees an accused the "right of trial by jury." Ohio Constitution, Article I, Section 5. Crim.R. 23(A) provides that an accused may waive his or her constitutional right to a trial by jury in serious offense cases so long as the waiver is made knowingly, intelligently, and voluntarily, and in writing. R.C. 2945.05 provides:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I . . . . . . . , defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
>
> Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

Thus, for a jury waiver to be valid, it must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *Lomax* at ¶ 9.

{¶ 16} After a thorough review of the record, it is clear the jury waiver is valid. Contrary to Plummer's claim, the record demonstrates the existence of a written jury waiver, which was filed and made part of the record. The written jury waiver contained the statutorily required language and Plummer signed said waiver. Furthermore, the trial court conducted a pretrial conference on the issue where it informed Plummer of his right to a trial by jury and verified Plummer understood his rights and had an opportunity to discuss the waiver with his attorney. Plummer answered the trial court affirmatively that he did not feel pressured to waive his right to a jury trial and wished to waive the right based upon his own free will. Therefore, the jury waiver was valid.

{¶ 17} Accordingly, Plummer's first assignment of error is overruled.

{¶ 18} Assignment of Error No.2:

{¶ 19} THE EVIDENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN MR. PLUMMER'S CONVICTIONS.

{¶ 20} Plummer argues the trial court clearly lost its way and created a manifest miscarriage of justice by finding Plummer guilty of the charged offenses because there was multiple discrepancies in the evidence, a lack of physical evidence, and several unanswered questions based upon the evidence presented.

{¶ 21} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In making this determination, a reviewing court looks at the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and

CA2013-08-147, 2014-Ohio-2472, ¶ 34. "An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Couch*, 12th Dist. Butler No. CA2016-03-062, 2016-Ohio-8452, ¶ 8.

{¶ 22}  R.C. 2907.05(A)(4) provides, in relevant part, that no person shall have sexual contact with another, not the spouse of the offender, where the other person is less than 13 years of age, whether or not the offender knows the age of that person.  R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 23}  Upon carefully reviewing the record, we find the trial court did not err in finding Plummer guilty for committing gross sexual imposition.  E.P. testified that she turned 13 years old on December 29, 2016.  E.P. stated that prior to turning 13, on multiple occasions, she awoke to Plummer inappropriately touching her vagina beneath her clothing in a rubbing motion.  E.P. testified the inappropriate touching occurred while she lived with her family on Park Avenue and Clay Street in Warren County.  E.P. eventually informed Mother and Grandmother about the touching because she was overwhelmed with stress.  Mother testified and corroborated the dates when the family lived at the residences in question.

{¶ 24}  Plummer contends the trial court lost its way in weighing the evidence and points to the layout of the bedrooms at the two residences, which rendered the offenses impossible.  While Plummer did testify regarding the layout of the rooms and denied any inappropriate touching, the inclination of the greater amount of credible evidence indicates the trial court did not create a manifest miscarriage of justice in finding Plummer guilty of both counts of gross sexual imposition. While "this court considers the credibility of witnesses in a manifest weight analysis, the trial court remains in the best position to view the witnesses,

observe their demeanor, and assess their credibility." *State v. Fread*, 12th Dist. Butler No. CA2013-03-045, 2013-Ohio-5206, ¶ 29. "It is well established that when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [fact-finder] believed the prosecution testimony." (Internal quotations omitted.) *Id.*, citing *State v. Bates*, 12th Dist. Butler No. CA2009-06-174, 2010-Ohio-1723, ¶ 11.

{¶ 25} The trial court thoroughly explained its credibility determinations in the record at the conclusion of the trial. Specifically, the trial court found Plummer lacked credibility and has lost touch with reality with regards to truthfulness. The trial court stated, "this all boils down to whether [the victim's testimony] can carry the weight in this case." The trial court explained that it:

> listened closely to her [and] watched her. She's articulate. She's extremely bright and that can cut both ways. But she's believable. I just don't see this conspiracy theory.
> * * *
>
> Some things really stand out though, she didn't say anything because she didn't want anyone to think she did something wrong. And she actually had the feeling that she was doing something wrong because this was happening to her. She mentioned that he had to kneel down in one place with no idea that there was a question about whether or not there was any room for any of this. I don't think she was embellishing. I think she was honest, she was articulate. And I think she told the truth.

{¶ 26} The mere fact the trial court believed E.P.'s testimony over Plummer's testimony does not equate to a finding the trial court clearly lost its way. Moreover, as the trial court found, the record does not indicate inconsistency or incredibility in E.P.'s testimony. Rather, the state presented evidence the trial court found credible.

{¶ 27} Additionally, we note that "physical evidence of sexual contact is not a required element of gross sexual imposition." *In re M.G.*, 12th Dist. Butler No. CA2015-06-126, 2016-Ohio-2677, ¶ 35. Further, "where the testimony of [a] child victim * * * is sufficient to support

a conviction for gross sexual imposition, the conviction will not be reversed as being against the manifest weight of the evidence merely because there was no forensic evidence presented to support it." *In re A.L.*, 12th Dist. Butler No. CA2005-12-520, 2006-Ohio-4329, ¶ 27; *see also State v. While*, 11th Dist. Trumbull No. 2001-T-0051, 2003-Ohio-4594, ¶ 48 (stating a lack of physical evidence of sexual contact is neither surprising nor fatal because such contact generally does not leave trace evidence). Likewise, "[w]hether the touching was performed for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature, and circumstances of the contact." *State v. Gesell*, 12th Dist. Butler No. CA2005-08-367, 2006-Ohio-3621, ¶ 25.

{¶ 28} Accordingly, we find the trial court did not lose its way in finding Plummer guilty for two counts of gross sexual imposition and Plummer's second assignment of error is overruled.

{¶ 29} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.