OPINION
{¶ 1} Defendant-appellant, Timothy Mack, appeals his conviction for sexual imposition under R.C. 2907.06. We find no merit in Mack's two assignments of error. Therefore, we affirm the trial court's guilty finding. But because the trial court erred in failing to hold a sexual-predator hearing, we vacate the sentence and remand the case to the trial court for further proceedings.
 {¶ 2} Evidence presented at a bench trial showed that 11-year-old Liz and her 12-year-old friend Jessica were attending a festival where Liz's mother was working. The two girls decided to get a drink from a convenience store. Liz testified that, as they waited to cross the street, Mack came behind them, patted her on the buttocks with an open hand, and said, "Come on, girls."
 {¶ 3} Jessica saw Mack touch Liz and heard a "smack." She testified that she perceived the pat as "kind of sexual." When pressed, she stated that she did not think that Mack was just trying to get them to hurry across the street. Both girls indicated that they were "kind of scared" of Mack.
 {¶ 4} The girls continued to cross the street because they still wanted their drinks and because other people were present. Jessica testified that Mack did not cross the street at the same time as they did, and that he entered the store before them. They went in the store and purchased their drinks. When they emerged, they did not see Mack, so they sat on a bench. Then Mack sat near them and began talking about babies. He talked in a "soft, low voice, " calling them "babies" and talking about how babies were made.
 {¶ 5} The girls left and returned to the festival, where they told Liz's mother what had happened. Her mother called the police, who took statements from both girls. One of the police officers described Liz as "very upset." The officers found Mack and arrested him. He appeared to be highly intoxicated, so they sent him to jail to sober up overnight. One officer stated that Mack told them that "he had absolutely no clue what was going on." He denied touching any girls.
 {¶ 6} At trial, Mack denied being intoxicated on the day the offense allegedly occurred, claiming he had only had two beers that day. He stated that he was in shock and had no idea what was going on when the police officers confronted him. Later, he said that he had remembered seeing two girls waiting to cross the street. He saw one of them drop something, so he said, "Hold on, girls." He saw that it was a quarter and bent down to retrieve it. He said that it was possible that he may have brushed up against one of the girls as they crossed the street, but that he never tried to touch either of them in a sexual manner.
 {¶ 7} Mack now presents two assignments of error for review. In his first assignment of error, he contends that the evidence was insufficient to support his conviction. He argues that the state failed to prove that the alleged touching was done for sexual gratification or arousal. This assignment of error is not well taken.
 {¶ 8} R.C. 2907.06(A)(1) provides that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he offender knows that the sexual contact is offensive to the other person, * * * or is reckless in that regard." Sexual contact means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."[1]
 {¶ 9} The Ohio Revised Code does not define sexual arousal or gratification. But the statutes contemplate any touching of the specified areas that a reasonable person would perceive as sexually stimulating or gratifying.[2] Whether a touching is for the purpose of sexual gratification or arousal is "a question of fact to be inferred from the type, nature, and circumstances surrounding the contact."[3]
While touching by itself is not sufficient for a conviction, the act of touching may constitute strong evidence of intent.[4]
 {¶ 10} In this case, Mack touched an 11-year-old girl on the buttocks. Her friend, who witnessed the act, did not perceive it as an attempt to hurry them, but as a sexual act. Both girls also perceived Mack as frightening. Further, Mack did not cross the street with the girls, yet he found them outside the store and talked to them about babies and how babies were made. He originally denied any knowledge of the incident, but later remembered seeing two girls and stated that he might have accidentally brushed up against one of them.
 {¶ 11} This evidence supported the inference that Mack had touched the victim for the purpose of sexual arousal and gratification. A rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state had proved all the elements of the offense of sexual imposition under R.C. 2907.06(A)(1), including sexual contact, beyond a reasonable doubt. Therefore, the evidence was sufficient to support the conviction,[5] and we overrule Mack's first assignment of error.
 {¶ 12} In his second assignment of error, Mack contends that his conviction was against the manifest weight of the evidence. He argues that the testimony of the state's witnesses was not credible. This assignment of error is not well taken.
 {¶ 13} The concepts of weight and sufficiency are different and involve different standards of review. The evidence is insufficient to support a conviction if there is a complete failure of proof by the prosecution, and therefore the Double Jeopardy Clause would bar a retrial. The concept of reversal on the basis of manifest weight is broader and allows for a retrial after a reversal on that basis.[6]
 {¶ 14} After reviewing the evidence, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Mack's conviction and order a new trial. Therefore, the conviction is not against the manifest weight of the evidence.[7]
Mack relies on minor inconsistencies in the testimony of two preteen girls in arguing that the girls' testimony was not credible. Matters as to the credibility of evidence are for the trier of fact to decide.[8]
Consequently, we overrule Mack's second assignment of error and affirm the trial court's finding of guilt.
 {¶ 15} Nevertheless, we have found an error in the record that we must raise sua sponte. The record shows that the trial court failed to address the mandatory requirements of R.C. Chapter 2950 concerning Mack's classification as a sex offender and his registration duties.[9] Either the offender or the prosecutor may appeal a court's sexual-predator determination.[10] While neither side has raised any error related to these issues on appeal, the failure of the court to address them is plain error requiring a remand.
 {¶ 16} Mack was convicted of violating R.C. 2907.06. Since at the time of the offense he was over 18 years old and the victim was under 18 years old, the offense was a "sexually oriented offense."[11] When a person commits a sexually oriented offense that is not registration-exempt, the court must discharge the mandatory duties specified in R.C. 2950.09 and 2950.03.[12] R.C. 2907.06 does not involve a registration-exempt offense.[13]
 {¶ 17} In this case, the court was required to conduct a hearing prior to sentencing and after notice to Mack and the prosecutor,[14] using the procedure set out in State v. Eppinger[15] to determine whether Mack should be classified a sexual predator.[16] In making the determination whether Mack should be classified a sexual predator, the court was required to consider the factors specified in R.C.2950.09(B)(3). It also was required to state in Mack's sentence and judgment of conviction whether the court had determined Mack to be a sexual predator.[17] If the court determined that Mack was not a sexual predator, it was required to state the reasons for that determination.[18] If the court determined that Mack was a sexual predator, it was required to "specify that the determination was pursuant to" R.C. 2950.09(B).[19]
 {¶ 18} R.C. 2950.09(E)(1) and (E)(2) also required the court to determine prior to sentencing and state in the offender's sentence whether Mack was a habitual sex offender as defined in R.C. 2950.01(B). If the court determined that Mack was a habitual sex offender, the court was required to determine whether to require that Mack be subject to the community-notification provisions contained in R.C. 2950.10 and2950.11.[20]
 {¶ 19} Once the court made the required sexual-predator and habitual-sex-offender determinations, it also was required at the time of sentencing to provide Mack with the notice required by R.C.2950.03(A)(2) concerning his duties to register and to provide information. Prior to giving the notice, the court was required to obtain certain biographic and other information from Mack and provide the information to the bureau of criminal identification and investigation and the sheriff as specified in R.C. 2950.03(C).
 {¶ 20} The required notice is detailed.[21] The court must provide Mack with the notice on a form prescribed by the bureau of criminal identification and investigation.[22] It must have Mack read and sign the form or, if Mack cannot read, explain the contents of the form to him and certify that he has indicated an understanding of his duties.[23] The court is then required to give a copy of the form to Mack and to send a copy to the bureau of criminal identification and investigation and the sheriff.[24]
 {¶ 21} There are not many offenses within the municipal court's jurisdiction that invoke the mandatory requirements of R.C. Chapter 2950. Included, however, are the following offenses when the victim of the offense is under 18 years old: unlawful sexual conduct with a minor, R.C. 2907.04(B)(2), sexual imposition, R.C. 2907.06, and voyeurism, R.C.2907.08(A) through (C).[25] When the victim of the offense is under 18 years of age and the offense is committed with a sexual motivation, the following offenses also are included: unlawful restraint, R.C. 2905.03, and criminal child enticement, R.C. 2905.05.[26] Finally, when the victim of the offense is 18 years of age or older and the offense is committed with a sexual motivation, included in the municipal court's jurisdiction for the purposes of R.C. Chapter 2950 are sexual imposition, R.C. 2907.06, voyeurism, R.C. 2907.08(A) through (C), and menacing by stalking, R.C. 2903.211.[27] When a defendant is convicted of one of these offenses, the court must follow the mandates of R.C. Chapter 2950.
 {¶ 22} We hold that the trial court erred by not complying with the mandatory requirements of R.C. Chapter 2950. While we affirm the court's finding of guilt, we vacate the sentence and remand the case for the court to comply with R.C. 2950.09 and 2950.03.
Judgment affirmed in part and reversed in part, and cause remanded.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] R.C. 2907.01(B).
[2] State v. Gesell, 12th Dist. No. CA2005-08-367, 2006-Ohio-3621, ¶ 23; State v. Astley (1987), 36 Ohio App.3d 247, 250,523 N.E.2d 322.
[3] State v. Daniels, 1st Dist. No. C-020321, 2003-Ohio-1545, ¶ 10, quoting In re Anderson (1996), 116 Ohio App.3d 441, 443-444,688 N.E.2d 545.
[4] In re D.S., 160 Ohio App.3d 552, 2005-Ohio-1803, 828 N.E.2d 143, ¶ 19.
[5] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; Gesell, supra, at ¶ 13-33.
[6] State v. Thompkins, 78 Ohio St.3d 380, 386-388, 1997-Ohio-52,678 N.E.2d 541; State v. Ashbrook (Apr. 30, 1997), 1st Dist. No. C-960535.
[7] Thompkins, supra, at 387, 1997-Ohio-52, 678 N.E.2d 541; State v.Allen (1990), 69 Ohio App.3d 366, 374, 590 N.E.2d 1272.
[8] State v. Bryan, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116.
[9] R.C. 2950.09 and 2950.03.
[10] R.C. 2950.09(B)(4).
[11] R.C. 2950.01(D)(1)(b)(i).
[12] See, e.g., R.C. 2950.09(B)(1)(a) and (E)(1); R.C.2950.03(A).
[13] R.C. 2950.01(Q).
[14] R.C. 2950.09(B)(2).
[15] 91 Ohio St.3d 158, 166, 2001-Ohio-247, 743 N.E.2d 881.
[16] R.C. 2950.09(B)(1)(a)(i).
[17] R.C. 2950.09(B)(4).
[18] Id.
[19] Id.
[20] R.C. 2950.09(E)(2).
[21] R.C. 2950.03(B)(1) and (B)(2).
[22] R.C. 2950.03(B)(2).
[23] R.C. 2950.03(B)(1)(b).
[24] R.C. 2950.03(B)(3)(a).
[25] R.C. 2950.01(D)(1)(b)(i).
[26] R.C. 2950.01(D)(1)(b)(vi).
[27] R.C. 2950.01(D)(1)(e).