JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, George Seigers, appeals from the finding of the Cuyahoga County Court of Common Pleas that labeled him a sexual predator. For the following reasons, we affirm.
 {¶ 2} In 1983, Seigers pled guilty to one count of attempted kidnapping, one count of rape, and one count of robbery. He was sentenced to a term of seven to twenty-five years in prison to run consecutively to a seven to twenty-five year sentence in an aggravated robbery case. Seigers was released from prison on May 11, 2005.
 {¶ 3} On July 20, 2005, the state requested that the trial court hold a sexual predator hearing pursuant to R.C. 2950.09. Seigers requested and was granted three continuances for various reasons. A hearing was then held on November 21, 2005, wherein the trial court found Seigers to be a sexual predator. Seigers appealed as of right and asserts two assignments of error for our review.
 {¶ 4} "I. The trial court lacked jurisdiction, pursuant to R.C.2950.01(G), to hold a sexual offender classification hearing."
 {¶ 5} Under this assignment of error, Seigers argues that the trial court lacked jurisdiction pursuant to R.C. 2950.01(G) to hold a sexual offender classification hearing because he had already been released from prison when the hearing was held. Seigers argues that R.C.2950.09(C)(2)(a) does not apply retroactively, but rather it applies only to individuals who committed sexually oriented offenses on or after the amended statute's effective date of March 15, 2001. Seigers is relying on former R.C. 2950.01, which states the following:
 "(G) an offender is `adjudicated as being a sexual predator' if any of the following applies:
 "* * * (3) Prior to the effective date of this section [Jan. 1, 1997], the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after the effective date of this section, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator." (Emphasis added.)
 {¶ 6} In State v. Brewer, the Supreme Court of Ohio affirmed the decisions of the Tenth and Twelfth District Courts of Appeals wherein they found that R.C. 2950.01(G)(3) was the subsection that conveyed jurisdiction to the trial court for sexual predator classification hearings, and that R.C. 2950.09(C) was the procedural mechanism by which the determination was made. Brewer, 86 Ohio St.3d 160, 164-165,1999-Ohio-146; see State v. Brewer (Jan. 12, 1998), Clermont App. No. CA97-03-030; State v. Rhodes (Mar. 24, 1998); Franklin App. No. 97APA06-793; State v. Sowards (Mar. 26, 1998), Franklin App. No. 97APA07-907; State v. Hanrahan (Mar. 5, 1998), Franklin App. No. 97APA03-394; see, also, State v. Owen (Feb. 25, 1999), Cuyahoga App. No. 72783 (this court following Rhodes and Hanrahan). In Brewer, the court held that "in order to adjudicate an offender as a sexual predator, the statutes require that a hearing be conducted prior to the release of the prisoner * * *." Id. at 163. Nevertheless, Brewer was decided under former R.C. 2950.01(G)(3) and 2950.09(C).
 {¶ 7} Effective January 1, 2002, the section that conveyed jurisdiction to the trial courts, R.C. 2950.01(G)(3), was amended and moved to subsection (G) (4). It now reads that an offender is "adjudicated as being a sexual predator" if
 "* * *(G)(4) Prior to January 1,1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1,1997, and the court determines pursuant to division (C)of section 2950.09 of the Revised Code that the offender is a sexual predator."
 {¶ 8} The Ohio legislature deleted "prior to the offender's release from imprisonment."[1] In addition, R.C. 2950.09(C)(2)(a) was amended to add "[t]he court may hold the hearing and make the determination prior to the offender's release from imprisonment or at any time withinone year following the offender's release from that imprisonment."
(Emphasis added.) Following the logic of the Supreme Court of Ohio inBrewer, it is clear that the legislature intended to convey jurisdiction over all those offenders described in R.C. 2950.01(G)(4), as amended, and procedurally, the trial court must make that determination prior to an offender's release from prison or within one year of the offender's release.
 {¶ 9} Finally, in State v. Cook, 83 Ohio St.3d 404, 410,1998-Ohio-291, the Supreme Court of Ohio analyzed former R.C. 2950.09
and determined that it applied retroactively "to those sex offenders who were convicted and sentenced prior to the effective date of the statute and are still imprisoned when the statute became effective."
 {¶ 10} R.C. 2950.09(C)(1) now states as follows:
 "If a person was convicted of or pleaded guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense prior to January 1, 1997, if that person was not sentenced for the offense on or after January 1,1997, and if, on or after January 1,1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall do whichever of the following is applicable: * * *"
 {¶ 11} In Cook, the Supreme Court, referring to R.C. 2950, specifically found "that the registration and verification provisions [were] remedial in nature and [did] not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution." We find no reason to stray from the Supreme Court's interpretation of R.C. 2950. Nothing in R.C. 2950 has changed to make it substantive rather than remedial. Although R.C. 2950.09(C)(2)(a) was amended to include that the trial court may conduct the hearing within one year of the offender's release from prison, it is still remedial in nature, and it is clear the legislature intended for it to apply retroactively to those sex offenders who were convicted and sentenced prior to January 1, 1997 (the original statute's effective date) and are still imprisoned on or after January 1, 1997. See Cook, 83 Ohio St.3d at 410.
 {¶ 12} In light of the foregoing analysis, we find that the trial court had jurisdiction to hold a sexual offender classification hearing for Seigers. Seigers is a sex offender who was convicted and sentenced prior to January 1, 1997, and was still in prison on or after January 1,1997. Finally, Seigers' hearing was properly held within one year of his release from prison pursuant to R.C. 2950.09(C)(2)(a). Accordingly, Seigers' first assignment of error is overruled.
 {¶ 13} "II. The trial court erred in not making a finding regarding Mr. Seigers' status as a habitual sexual offender."
 {¶ 14} This court previously acknowledged the futility of remanding for a habitual sexual offender classification those who have been previously classified as a sexual predator. In State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103, f 20, the panel stated as follows:
 "This finding must be expressly made regardless of whether the offender was already adjudicated as a sexual predator, and, although the habitual sex offender finding will have no impact on the registration requirements after a sexual predator determination, the statute, nonetheless, mandates such a finding."
 {¶ 15} Rules of statutory construction say that a statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity or great inconvenience. State ex rel. Webb. v. Bryan CitySchool Dist. Bd. of Edn. (1984), 10 Ohio St.3d 27, 30. This case calls into question our practice of forcing the trial court to declare a sexual predator to be a habitual sexual offender. In reality, the one is subsumed by the other. Having been classified a sexual predator, an offender is under no further requirements when subsequently classified as a habitual sexual offender. This becomes a matter of pure housekeeping, done for no rational legal purpose.
 {¶ 16} A habitual sexual offender classification is subsumed within the sexual predator classification. See State v. Simmons, Cuyahoga App. No. 87125, 2006-Ohio-5006 (explaining that a habitual sex offender is a lesser included classification of sexual predator). It serves no viable purpose to order a remand.
Accordingly, Seigers' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
JAMES J. SWEENEY, P. J., and MICHAEL J. CORRIGAN, J.,* CONCUR
[1] Although not at issue here, we note that "a sexually oriented offense that is not a registration-exempt sexually oriented offense" was added.
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.