[Cite as *State v. Williams*, 2018-Ohio-3990.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2018-03-055 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 10/1/2018 |
| - vs - | | |
| | : | |
| RICHARD T. WILLIAMS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2005-06-1135


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for plaintiff-appellee

Richard T. Williams, #A547019, London Correctional Institution, 1580 State Route 56, SW London, OH 43140, defendant-appellant, pro se


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Richard Williams, appeals a decision of the Butler County Court of Common Pleas denying his motion for resentencing.[1]

{¶ 2} Appellant was indicted in 2005 on three counts of rape and four counts of gross sexual imposition for sexually abusing two pre-teenage children over a period

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

of four years. Appellant entered an Alford plea to one count of rape and one count of gross sexual imposition on March 6, 2006, but successfully moved to withdraw his plea four days later. Following a jury trial in January 2007, appellant was found guilty of one count of rape, and guilty of the lesser included offense of gross sexual imposition as to the remaining two counts of rape. The jury further found appellant guilty of four counts of gross sexual imposition. On March 19, 2007, the trial court sentenced appellant to life in prison on his rape conviction, and to consecutive five-year prison terms on each of the gross sexual imposition convictions. Appellant was also classified a sexual predator pursuant to Megan's Law, the sex offender registration and notification law in effect at the time appellant committed the offenses. On July 28, 2008, this court upheld appellant's conviction for rape and gross sexual imposition. *State v. Williams*, 12th Dist. Butler No. CA2007-04-087, 2008-Ohio-3729.

{¶ 3} Subsequently, appellant unsuccessfully challenged his conviction and sentence collaterally in two postconviction motions. *See State v. Williams*, 12th Dist. Butler No. CA2014-06-144, 2015-Ohio-1090 (upholding the denial of appellant's 2014 motion to dismiss the case for lack of subject-matter jurisdiction); and *State v. Williams*, 12th Dist. Butler No. CA2015-08-052 (Jan. 11, 2016) (Accelerated Calendar Judgment Entry) (upholding the denial of appellant's 2015 motion for resentencing and to declare the verdict forms void).

{¶ 4} On August 14, 2017, appellant filed a pro se motion for resentencing, arguing that the March 19, 2007 sentencing entry was "defective" because the trial court failed to properly impose postrelease control, include in the sentencing entry that appellant was classified a sexual predator pursuant to R.C. 2950.09(B), and determine whether appellant qualified as a habitual sex offender pursuant to R.C. 2950.09(E)(2). In a separate motion, appellant further moved to reinstate his Alford plea and vacate

- 2 -

his void sentence. Appellant argued that he received ineffective assistance of counsel when he moved to withdraw his Alford plea upon the advice of trial counsel. Appellant further argued that his sentence was void because the trial court failed to properly impose postrelease control.

{¶ 5} On March 1, 2018, the trial court denied appellant's motions on the ground that they were untimely postconviction relief petitions and that appellant could not avail himself of the exceptions to the timeliness requirement in R.C. 2953.23(A)(1). The trial court further found that appellant's claims were barred by res judicata. The trial court did not specifically address appellant's claims regarding the alleged deficiencies in the sentencing entry.

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RESENTENCING THEREBY DENYING HIS RIGHT TO A FINAL APPEALABLE ORDER AND DENYING APPELLANT OF A SENTENCING ENTRY THAT COMPLIES WITH THE LAW AS DETERMINED BY STATUTE AND CASE LAW SET BY THE OHIO SUPREME COURT AND IN VIOLATION OF DUE PROCESS AS GUARANTEED TO APPELLANT BY THE OHIO CONSTITUTION AND THE UNITED STATES CONSTITUTION.

{¶ 8} Appellant argues the trial court erred in denying his motion for resentencing. Specifically, appellant argues that the trial court failed to both fulfill its obligations under former R.C. 2950.09 and properly impose postrelease control in the March 19, 2007 sentencing entry, and therefore, his sentence is void and the matter must be remanded to the trial court for a de novo sentencing hearing.[2] The state

---

2. Former R.C. 2950.09 was repealed effective January 1, 2008. *State v. Bregen*, 12th Dist. Clermont No. CA2010-06-039, 2011-Ohio-1872, ¶ 31. For readability purposes, former R.C. 2950.09 will be

concedes the errors but argues the case should be remanded solely for the trial court to correct the deficiencies by a nunc pro tunc entry.

{¶ 9} Appellant is correct that the trial court failed to fulfill its obligations under R.C. 2950.09 in the March 19, 2007 sentencing entry.

{¶ 10} R.C. 2950.09(B)(4) provides that when a trial court classifies an offender as a sexual predator, the court "shall specify in the offender's sentence and the judgment of conviction contain[ing] the sentence" that the sexual predator determination was pursuant to R.C. 2950.09(B). The sentencing entry reflects that appellant was found to be a sexual predator but does not specify that the determination was pursuant to R.C. 2950.09(B). In discussing the evidence supporting its classification of appellant as a sexual predator during the sentencing and sex offender classification hearing, the trial court referred to "the legal criteria under R.C. 2950.09(B)(2)." We further note that the record includes a Judgment Entry Following Sexual Predator Hearing in which the trial court checked a box indicating it had found clear and convincing evidence that appellant was a sexual predator pursuant to R.C. 2950.09(B). However, "checking a box on a pre-formatted judgment entry does not comply with the statutory mandate in R.C. 2950.09(B)(4)." *State v. Cathcart*, 3d Dist. Shelby No. 17-02-20, 2002-Ohio-6593, ¶ 30. The sentencing entry, therefore, does not comply with R.C. 2950.09(B)(4). *State v. Mack*, 1st Dist. Hamilton No. C-050968, 2006-Ohio-6284, ¶ 17, 22. Despite noncompliance with R.C. 2950.09(B)(4), the record reflects that the sexual predator classification was pursuant to R.C. 2950.09. Thus, this omission may be corrected by means of a nunc pro tunc sentencing entry.

{¶ 11} R.C. 2950.09(E)(1) provides that when an offender has been convicted

---

referred as "R.C. 2950.09" throughout this opinion.

of or pled guilty to a sexually oriented offense, such as rape here, the trial court must expressly determine whether the offender was a habitual sex offender. If the trial court determines that the offender is a habitual sex offender, it must so "specify in the offender's sentence and the judgment of conviction that contains the sentence[.]" R.C. 2950.09(E)(2). Similarly, if the trial court determines that the offender is not a habitual sex offender, it must so "specify in the offender's sentence[.]" *Id.* "'This finding must be made regardless of whether the offender was already adjudicated as a sexual predator for the commission of the sexually oriented offense,' as the offender may be adjudicated a sexual predator and habitual sex offender for the same offense." *State v. Gopp*, 154 Ohio App.3d 385, 2003-Ohio-4908, ¶ 11 (9th Dist.), quoting *State v. Rhodes*, 7th Dist. Belmont No. 99 BA 62, 2002 Ohio App. LEXIS 6813, *18 (Mar. 27, 2002). The determination of whether an offender is a habitual sex offender is therefore a mandatory component of the sentence for an offender convicted of a sexually oriented offense under R.C. 2950.09(E). Failure to include the determination of an offender's habitual sex offender status in the offender's sentence renders that portion of the sentence void.

{¶ 12} A habitual sex offender is "a person who is convicted of or pleads guilty to a sexually oriented offense and who previously has been convicted of or pleaded guilty to one or more sexually oriented offenses." *See* former R.C. 2950.01(B); *State v. McGlosson*, 12th Dist. Butler No. CA2013-05-082, 2014-Ohio-1321, ¶ 14. The adjudication of a defendant as a habitual sex offender pursuant to R.C. 2950.09(E) "is therefore dependent on only two [conditions]. * * * If both conditions are met, the offender is a habitual sex offender; if not, then the offender is not." *State v. Shaddoan*, 1st Dist. Hamilton No. C-970502, 1998 Ohio App. LEXIS 3383, *3 (July 24, 1998).

{¶ 13} The transcript of the sentencing and sex offender classification hearing

- 5 -

makes no mention of appellant's habitual sex offender status. More importantly, the sentencing entry does not make any finding regarding appellant's habitual sex offender status as mandated by R.C. 2950.09(E)(2). Although the trial court did not mark the box designated "habitual sex offender" in the Judgment Entry Following Sexual Predator Hearing, or the box notifying appellant of a duty to register as a habitual sex offender in the Notice and Order of Duties to Register as an Offender of a Sexually Oriented Offense, this is as consistent with an oversight as it is with a finding that appellant is not a habitual sex offender. Moreover, the trial court's failure to check either box fails to satisfy R.C. 2950.09(E)(2) which requires the trial court to specifically state whether an offender is or is not a habitual sex offender. *Gopp*, 2003-Ohio-4908 at ¶ 12. The trial court, therefore, failed to comply with R.C. 2950.09(E)(2). *Id.* at ¶ 11-12; *State v. Hurst*, 2d Dist. Montgomery No. 20435, 2005-Ohio-128, ¶ 7-9; *State v. Kennedy*, 161 Ohio App.3d 127, 2005-Ohio-2461, ¶ 18 (8th Dist.).

{¶ 14} Because the trial court's failure to comply with R.C. 2950.09(E)(2) renders that portion of the sentence void, and because appellant remains in prison serving his sentence, the trial court had the authority to correct appellant's sentence to reflect whether he is classified as a habitual sex offender. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 18 (when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified).

{¶ 15} We note that appellant is not entitled to a de novo sentencing hearing in order for the trial court to correct its error under R.C. 2950.09(E). There is no requirement under R.C. 2950.09(E) that the trial court conduct a hearing before classifying an offender as a habitual sex offender. *See State v. Sellers*, 7th Dist. Mahoning No. 06-MA-192, 2008-Ohio-538; *State v. Cooper*, 8th Dist. Cuyahoga No.

84645, 2005-Ohio-3424. Nor is appellant entitled to a new sexual predator hearing due to the trial court's error. "The [trial] court's requirement under former R.C. 2950.09(E), while mandatory in nature, did not affect the validity of the sexual predator classification itself." *State v. Simmons*, 8th Dist. Cuyahoga No. 87125, 2006-Ohio-5006, ¶ 11. Once an offender is classified as a sexual predator, he is under no additional registration requirements when subsequently classified as a habitual sex offender. *State v. Seigers*, 8th Dist. Cuyahoga No. 87722, 2007-Ohio-285, ¶ 15. Therefore, we remand the matter for the trial court to determine appellant's habitual sex offender status and to include its determination in a new sentencing entry. However, the trial court may do so based upon the record and without conducting a new sentencing hearing.

{¶ 16} Appellant is further correct that the trial court failed to properly impose postrelease control in the March 19, 2007 sentencing entry.

{¶ 17} A trial court must properly impose postrelease control at the sentencing hearing and in the sentencing entry. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 18-19. Pursuant to R.C. 2967.28(B), postrelease control is mandatory for certain felony offenses if a prison sentence is imposed, and must be included in the sentencing entry. Given his convictions for felony sex offenses, appellant was subject to a mandatory five-year term of postrelease control under R.C. 2967.28(B)(1). While the trial court properly advised appellant at sentencing that he would be subject to a mandatory five-year term of postrelease control upon release from prison, the sentencing entry erroneously stated that appellant's postrelease control was "mandatory in this case *up to a maximum of five (5) years*." (Emphasis added.) The

trial court, therefore, failed to properly impose postrelease control.[3, 4]

{¶ 18} When a trial court fails to properly impose statutorily mandated postrelease control, "that *part* of the sentence * * * is void and must be set aside." (Emphasis added.) *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. Appellant is incorrect that the proper remedy for the trial court's error is a de novo sentencing hearing. When a trial court properly notified a defendant of postrelease control at the sentencing hearing, but the initial sentencing entry did not accurately reflect the details of the notification, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the law. *Qualls* at ¶ 24. Rather, the imperfect sentencing entry can be corrected through a nunc pro tunc entry. *Id.* at ¶ 13, 24, citing *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229; *see also State v. Barnes*, 12th Dist. Warren No. CA2014-03-049, 2015-Ohio-651. Because the trial court failed to properly impose postrelease control, we set aside that

---

3. Although this was not raised by appellant, we note that the trial court failed to advise appellant of postrelease control as to his gross sexual imposition offenses. However, "such an error has no practical effect where the additional terms of postrelease control would be no greater than that which was imposed." *State v. Barnes*, 12th Dist. Warren No. CA2014-03-049, 2015-Ohio-651, ¶ 21. Each of appellant's gross sexual imposition convictions are felony sex offenses, and each are subject to the same mandatory five-year term of postrelease control. *See* R.C. 2967.28(B)(1); *State v. Cologie*, 7th Dist. Belmont No. 17 BE 0009, 2017-Ohio-9217. Accordingly, the trial court's failure to advise appellant of the five-year term of postrelease control on his gross sexual imposition convictions had no practical effect. *Barnes* at ¶ 21.

4. The March 19, 2007 sentencing entry contains another error, which appellant does not raise. Appellant was correctly advised during the sentencing hearing that if he violated a condition of postrelease control, the parole board could impose a maximum prison term of up to one-half of the prison term originally imposed. However, the sentencing entry incorrectly stated: "The defendant is ordered to serve as part of his sentence any term of post release control imposed by the Parole Board, and *any prison term* for violation of that post release control." (Emphasis added.) *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831 (instructing the trial court to amend an identical sentencing entry to incorporate the correct language on remand). In 2017, however, the Ohio Supreme Court addressed "what information a trial court must include in a sentencing entry to validly impose a postrelease-control sanction on an offender when the court orally provides all the required advisements to the offender at the sentencing hearing." *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 1. As pertinent here, the supreme court held that by referring to R.C. 2967.28, the trial court's sentencing entry validly imposed postrelease control. *Id.* at ¶ 18-19, 25. The March 19, 2007 sentencing entry likewise refers to R.C. 2967.28 and is otherwise nearly identical to the entry at issue in *Grimes*. Thus, it validly imposed postrelease control in that respect.

- 8 -

part of the sentencing entry purporting to impose postrelease control and remand the cause to the trial court for the limited purpose of correcting the March 19, 2007 sentencing entry on a nunc pro tunc basis to correctly reflect that appellant is subject to a mandatory five-year term of postrelease control. *Qualls*; *Barnes*.

{¶ 19} We note that the trial court denied appellant's August 14, 2017 motions for resentencing and to reinstate his Alford plea on the ground that they were untimely postconviction relief petitions and that his claims were barred by res judicata. We find that the trial court properly construed appellant's motion to reinstate his Alford plea on grounds of ineffective assistance of counsel as a petition for postconviction relief subject to the timeliness requirements of R.C. 2953.21 and 2953.23. Appellant's motion was filed well after the expiration date prescribed by R.C. 2953.21(A)(2). Furthermore, the record shows that appellant could not avail himself of the exceptions to the timeliness requirements in R.C. 2953.23(A)(1). The trial court, therefore, did not err in dismissing appellant's motion to reinstate his Alford plea as an untimely petition for postconviction relief.

{¶ 20} The trial court, however, erred in denying appellant's motion for resentencing relating to the trial court's improper imposition of postrelease control and failure to comply with R.C. 2950.09(E). A void sanction is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *Fisher*, 2010-Ohio-6238 at paragraph one of the syllabus; *State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 9. Furthermore, the trial court should have construed the portion of appellant's motion for resentencing relating to the imposition of postrelease control as a motion for resentencing pursuant to R.C. 2929.191(C), and not as an untimely petition for postconviction relief. *See also Barnes*, 2015-Ohio-651 (holding that because a trial court's failure to properly impose

postrelease control renders that portion of a defendant's sentence void, the defendant's postconviction relief petition is not untimely as it relates to postrelease control).

{¶ 21} Because appellant's motion for resentencing brought to the trial court's attention its failure to comply with R.C. 2950.09(B)(4), it also had jurisdiction to review and correct that offending portion of appellant's sentence. *See Smith*; *State v. Bevins*, 1st Dist. Hamilton No. C-120345, 2013-Ohio-156. Likewise, because appellant has, in his appeal, brought the matter to our attention, the offending portions of his sentence are subject to correction. *See Barnes*. Appellant's assignment of error is therefore sustained to the extent indicated herein.

{¶ 22} We therefore affirm the trial court's dismissal of appellant's motion to reinstate his Alford plea and reverse the trial court's denial of appellant's August 14, 2017 motion for resentencing. We remand the matter to the trial court for the limited purpose of determining whether appellant was a habitual sex offender as required by R.C. 2950.09(E). Such determination is to be made by the trial court solely upon the record before the court during the March 15, 2007 sentencing and sex offender classification hearing, which included the presentence investigative report. Once the trial court makes the habitual sex offender classification, it is instructed to adopt and journalize a new sentencing entry specifying appellant's habitual sex offender status as required by R.C. 2950.09(E)(2). On remand, the trial court is further instructed to correct the March 19, 2007 sentencing entry to reflect that appellant is subject to a mandatory five-year term of postrelease control and to specifically state that its sexual predator determination was made pursuant to R.C. 2950.09(B). That appellant is subject to a mandatory five-year term of postrelease control, and that the trial court's sexual predator determination was made pursuant to R.C. 2950.09(B) may be included

in the new sentencing entry on a nunc pro tunc basis. This remand is accordingly limited to solely correcting the improper imposition of postrelease control and the sex offender classification issues noted herein. Appellant is not entitled to a de novo sentencing hearing on any of the issues at bar and the remaining portions of his sentence are not implicated by the remand.

{¶ 23} Judgment affirmed in part, reversed in part, and remanded for further proceedings.

S. POWELL, P. J., concurs.

PIPER, J., concurs separately.

**PIPER, J., concurring separately.**

{¶ 24} Williams' assignment of error claims the trial court violated his constitutional due process in not granting him an opportunity for resentencing and a new final appealable order. While Williams' claims have no merit, three issues can be identified and remedied with an entry nunc pro tunc. Thus, I concur with the judgment of the majority, but respectfully do not concur in the analysis which deems portions of Williams' sentencing void.

### Postrelease Control

{¶ 25} What controls Williams' postrelease control is the notice Williams was given at his sentencing hearing. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 14. The Ohio Supreme Court has determined that the main focus "in interpreting the sentencing statutes regarding postrelease control has always been a notification itself and not on the entry itself." *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 19.

- 11 -

{¶ 26} Williams was correctly informed at the sentencing hearing that his period of postrelease control was a mandatory five years. The essential purpose of the notice was given to Williams and thus he experienced no substantial prejudice when the trial court's entry incorrectly stated "up to five years." *See id.* at ¶ 23-24. While "up to five years" can include "five years," Williams should have a correctly worded entry. *Id.* at ¶ 23. However, the wording incorrectly reported in the initial entry does not render his sentence void.

{¶ 27} Trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, while they retain continuing jurisdiction to correct clerical errors with the use of nunc pro tunc entries to reflect what the court actually decided. *Id.* at ¶ 13. Such an error is particularly ripe for correction with the use of a nunc pro tunc entry when a claimed error does not involve altering the decision-making or judgment rendered at the sentencing hearing.

{¶ 28} Respectfully, I must disagree with the majority that Williams' postrelease control sentencing hearing is void. He was given the correct postrelease control notice at his hearing. Because the entry incorrectly records what was said at the hearing, I agree with the majority in their determination that the remedy is a nunc pro tunc entry by the trial court.

### Habitual Sexual Offender

{¶ 29} Similar to my conclusion regarding the postrelease control issue, I concur with the use of a nunc pro tunc entry to correct the error pertaining to Williams' habitual sexual offender status. However, I cannot concur that this portion of Williams' sentence is void.

{¶ 30} As the majority correctly points out, the trial court was required to make a determination as to whether or not Williams was a habitual sexual offender. At the

hearing, the trial court did not determine Williams was a habitual sex offender. The trial court simply omitted in the entry Williams was not determined to be a habitual sexual offender.

### a). Habitual Sexual Offender v. Postrelease Control

{¶ 31} The Ohio Supreme Court has applied the concept of a "void" sentence involving postrelease control. The concept has been applied specifically due to the importance of the "notice" involved in postrelease control situations. However, on each occasion, the court has stressed its application is "narrow" and "limited" to postrelease control situations. *Id.* at ¶ 29; *Grimes*, 2017-Ohio-2927 at ¶ 20. Neither the Ohio Supreme Court nor any appellate court has determined a sentence to be "void" in situations involving whether or not a habitual sexual offender determination was made. The majority has not cited any authority for the proposition that Williams' sentence in regard to his habitual sexual offender status is void. I decline to expand the application of a "void" sentence as used in postrelease control situations to those situations where the court omitted in its entry to record it did not find the offender to be a habitual sexual offender.

{¶ 32} The majority references *State v. Gopp*, 154 Ohio App.3d 385, 2003-Ohio-4908 (9th Dist.), yet *Gopp* makes no reference to the sentence being void. The fact that the trial court did not find Williams to be a habitual sex offender means Williams was not considered by the trial court to be a habitual sex offender. The absence of an expressed determination is of no prejudice to Williams since the trial court also did not find Williams was a habitual sexual offender. The omission of such a determination in the entry can be corrected with the use of a nunc pro tunc entry. An omission in an

entry may create a flawed entry, yet such deficiency can be corrected.[5]

**Sexual Predator Determination**

{¶ 33} The trial court correctly determined at the sentencing hearing that Williams was a sexual predator pursuant to the criteria of R.C. 2950.09(B)(2). However, the judgment entry omitted reference to the statute and any factors used to establish Williams' sexual predator status.

{¶ 34} The legislature, at the time, specifically required the judgment entry of conviction contain a reference to the statute and the factors relied upon to determine an offender's status. I concur with the use of an entry nunc pro tunc to correct the deficiency in the judgment entry because the court properly determined at the hearing Williams' sexual predator status. I do not find the deficiency is because the trial court's judgment entry involved a preprinted, check box format. Rather, the deficiency is because the entry failed to contain the references required by the statute in place at the time of the hearing. However, Crim.R. 36 anticipates the need for corrections such as those identified herein with the use of a nunc pro tunc entry.[6]

**Conclusion**

{¶ 35} I therefore concur in judgment, but for reasons separate from those of the majority.

---

5. Crim.R. 36 expressly provides "errors in the record arising from oversight or omission, may be corrected by the court at any time." *See also State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235.

6. Although I completely concur with the majority's judgment today finding a nunc pro tunc entry to be the correct remedy at hand, without the necessity of a hearing, such seems incongruous with the majority decision in *State v. Waltz*, 12th Dist. Clermont No. CA2013-10-077, 2014-Ohio-2474, wherein I dissented. The majority determined an omission in the sentencing entry could not be remedied by simply using an entry nunc pro tunc; a conclusion I believed to be incorrect.