[Cite as *State v. Williams*, 2019-Ohio-3829.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-205 |
| | : | O P I N I O N |
| - vs - | | 9/23/2019 |
| | : | |
| RICHARD TODD WILLIAMS, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2005-06-1135


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Richard T. Williams, #A547019, London Correctional Institution, 1580 State Route 56, Southwest London, Ohio 43140, pro se


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Richard Todd Williams, appeals from the nunc pro tunc judgment entry by the Butler County Court of Common Pleas correcting sentencing issues in his original judgment of conviction entry.

{¶ 2} In 2007, a jury convicted appellant of one count of rape and six counts of gross sexual imposition. The trial court sentenced appellant to life in prison on his rape conviction, consecutive five-year prison terms on each of the gross sexual imposition convictions, and classified appellant a sexual predator. This court upheld his convictions on direct appeal.

*State v. Williams*, 12 Dist. Butler No. CA2007-04-087, 2008-Ohio-3729.

{¶ 3} Subsequently, appellant unsuccessfully challenged his conviction and sentence in two state postconviction relief petitions and one federal petition for a writ of habeas corpus. *See Williams v. Brunsman*, S.D.Ohio No. 1:09-cv-250, 2010 U.S. Dist. LEXIS 78663 (Aug. 4, 2010); *State v. Williams*, 12th Dist. Butler No CA2014-06-144, 2015-Ohio-1090; and *State v. Williams*, 12th Dist. Butler No. CA2015-08-152 (Jan. 11, 2016) (Accelerated Calendar Judgment Entry).

{¶ 4} In August 2017, appellant again challenged his conviction and sentence by filing two separate motions: one for resentencing and the other to reinstate the Alford plea. The trial court denied both motions. This court affirmed the trial court's dismissal of the motion to reinstate appellant's Alford plea, but reversed and remanded for the limited purpose of correcting the judgment entry to reflect the correct duration of postrelease control imposed, make an express determination of appellant's habitual sex offender status pursuant to former R.C. 2950.09(E)(2), and expressly state that appellant's classification as a sexual predator was made pursuant to former R.C. 2950.09(B). *State v. Williams*, 12th Dist. Butler No. CA2018-03-055, 2018-Ohio-3990, ¶ 22. Furthermore, this court held that appellant was "not entitled to a de novo sentencing hearing on any of the issues at bar and the remaining portions of his sentence are not implicated by the remand." *Id*.

{¶ 5} On October 8, 2018 the trial court journalized a nunc pro tunc judgment entry correcting the three issues.

{¶ 6} Appellant now appeals the nunc pro tunc entry and raises five assignments of error for review. For ease of analysis, this court will discuss the assigned errors out of order.

{¶ 7} Assignment of Error No. 3:

{¶ 8} THE TRIAL COURT'S NUNC PRO TUNC ORDER DATED OCTOBER 8, 2018 IS VIOLATIVE OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS

AS WELL AS HIS SUBSTANTIVE DUE PROCESS RIGHT TO BE REPRESENTED BY COUNSEL AT ALL CRITICAL STAGES OF THE PROSECUTION.

{¶ 9} In the third assignment of error, appellant argues that the trial court violated his right to due process and right to counsel by not holding a new sentencing hearing to determine whether he should be classified a habitual sex offender.

{¶ 10} As this court held in the previous decision, former R.C. 2950.09(E) did not require the trial court to conduct a hearing to make the habitual sex offender determination. *Williams*, 2018-Ohio-3990 at ¶ 15, citing *State v. Sellers*, 7th Dist. Mahoning No. 06-MA-192, 2008-Ohio-538, and *State v. Cooper*, 8th Dist. Cuyahoga No. 84645, 2005-Ohio-3424. This court remanded on this issue solely for the trial court to determine *from the record* whether to classify appellant as a habitual sex offender. Consequently, the trial court did not violate appellant's due process rights or right to counsel when it determined that appellant was not a habitual sex offender and expressly incorporated that finding in the nunc pro tunc entry without holding a new hearing.

{¶ 11} The other two sentencing issues were also properly corrected without a new sentencing hearing. Regarding postrelease control, a defendant is not entitled to a new sentencing hearing to correct an error in the judgment entry when properly notified about postrelease control conditions at the original sentencing hearing. *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, ¶ 30. The use of a nunc pro tunc entry is the proper method to correct the error. *Id.* at ¶ 24. Here, the court properly notified appellant of the conditions and mandatory five-year term of postrelease control at his sentencing hearing. Therefore, the nunc pro tunc entry was properly utilized on this issue.

{¶ 12} Finally, the trial court's failure to include language specifying that the sexual predator designation was made pursuant to former R.C. 2950.09(B) was simply a clerical error as it did not involve a legal decision. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-

5705, ¶ 15 (clerical errors refer to, inter alia, omissions apparent on the record and not involving legal decisions). The trial court omitted the specific language required by the former statute. The correction of a clerical error does not require a hearing. *See State v. Van Tielen*, 12th Dist. Brown No. CA2013-11-012, 2014-Ohio-4421, ¶ 21.

{¶ 13} Therefore, the trial court did not violate appellant's right to due process or counsel by issuing a nunc pro tunc entry without conducting a new sentencing hearing.

{¶ 14} Accordingly, appellant's third assignment of error is overruled.

{¶ 15} Assignment of Error No. 4:

{¶ 16} IT IS PLAIN ERROR IN VIOLATION OF APPELLANTS [SIC] PROCEDURAL AND SUBSTANTIVE RIGHT TO DUE PROCESS OF LAW WHERE THE TRIAL COURT FAILED TO MAKE AND FILE R.C. 2929.14(C)(4) FINDINGS BEFORE RE-IMPOSING CONSECUTIVE SENTENCES IN THIS CASE.

{¶ 17} In the fourth assignment of error, appellant argues that his sentence is contrary to law because the nunc pro tunc entry did not include the consecutive sentence findings now required by *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177. Appellant's argument lacks merit.

{¶ 18} Appellant concedes that at the time of his original sentencing, the Ohio Supreme Court held that judicial fact-finding for consecutive sentences after a jury trial was unconstitutional. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraphs three and four of the syllabus. Thus, appellant's original judgment entry imposing consecutive sentences without consecutive sentence findings is not contrary to law.

{¶ 19} Furthermore, this court remanded the case to the trial court to correct only three issues in the original judgment entry discussed above. The trial court did not have the authority to amend any other sentence on remand. *State v. Conn*, 12th Dist. Warren No. CA2015-07-061, 2016-Ohio-1001, ¶ 11 ("[t]he trial court had no authority to extend or vary

- 4 -

the scope of our remand"). The nunc pro tunc entry did not revive the imposition of consecutive sentences or otherwise "re-impose" them to make it subject to later changes in the law. Therefore, the trial court did not err or violate appellant's due process rights regarding the consecutive sentences.

{¶ 20} Accordingly, appellant's fourth assignment of error is overruled.

{¶ 21} Assignment of Error No. 1:

{¶ 22} THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN NOT GRANTING HIM A COMPLETE ACQUITTAL OF ALL CHARGES WHEN THERE WAS NO UNANIMOUS JURY VERDICT TO SHOW THAT THE EVIDENCE WAS LEGALLY SUFFICIENT.

{¶ 23} Assignment of Error No. 2:

{¶ 24} IT WAS PLAIN ERROR AND A STATE AND FEDERAL CONSTITUTIONAL STRUCTURAL DEFECT FOR THE TRIAL COURT NOT TO INSTRUCT APPELLANT'S JURY THAT UNANIMITY WAS REQUIRED AS TO EACH AND EVERY ESSENTIAL ELEMENT CHARGED IN THE INDICTMENT.

{¶ 25} Assignment of Error No. 5:

{¶ 26} DEFENDANT APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL IN 2007 AND IN 2018 WHERE DEFENSE COUNSEL FAILED TO RECOGNIZE ARGUE AND BRIEF DEAD BAND WINNER ISSUES. [SIC]

{¶ 27} In his remaining assignments of error, appellant contends that his conviction must be reversed because the jury's verdict was not properly rendered and his counsel provided ineffective assistance by failing to raise this jury issue. These arguments are not properly before this court subject to this appeal and are otherwise barred by res judicata.

{¶ 28} This court has previously held that a "nunc pro [tunc] entry applies retrospectively to the judgment it corrects and does not create a new final order from which a

- 5 -

new appeal may be taken." *State v. Rarden*, 12th Dist. Butler No. CA2019-02-039, 2019-Ohio-3227, ¶ 10. Thus, appellant's first, second, and fifth assignments of error are not properly before this court because the nunc pro tunc entry did not create a new order from which to appeal issues unrelated to the filing of the nunc pro tunc entry itself. Here, the trial court properly corrected the sentencing errors in its nunc pro tunc entry, as directed by this court's remand order.

{¶ 29} Furthermore, while this court decided that the habitual sex offender determination portion of appellant's sentence was void, this decision was limited strictly to that specific provision of the sentence. *Williams*, 2018-Ohio-3990, at ¶ 14. The Ohio Supreme Court has held that

> although the doctrine of res judicata does not preclude review of a void sentence, *res judicata still applies to other aspects of the merits of a conviction*, including the determination of guilt and the lawful elements of the ensuing sentence.

(Emphasis added.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 40. Under the doctrine of res judicata, a petitioner is barred from "'re-packaging' evidence or issues that were or could have been raised in trial or direct appeal." *State v. Statzer*, 12th Dist. Butler No. CA2017-02-022, 2018-Ohio-363, ¶ 15.

{¶ 30} Here, appellant's first, second, and fifth assignments of error are purely his attempt to again challenge the merits of his conviction. Appellant cannot now raise jury propriety and related ineffective assistance of counsel issues when he failed to do so in his direct appeal. Therefore, the doctrine of res judicata applies to bar these assigned errors.

{¶ 31} Accordingly, the first, second, and fifth assignments of error are overruled.

{¶ 32} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.