[Cite as *In re D.W.*, 2020-Ohio-6714.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: D.W. | : | APPEAL NOS. C-190311 |
|  |  | C-190482 |
|  | : | TRIAL NOS. 17-5383 |
|  |  | 17-4966 |
|  | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed in C-190311; Appeal Dismissed in C-190482

Date of Judgment Entry on Appeal: December 16, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Appellant D.W.

**MOCK, Presiding Judge.**

{¶1}     In one assignment of error, appellant D.W. claims that the state presented insufficient evidence to allow the trial court to declare him delinquent for having committed the offense of sexual imposition in violation of R.C. 2907.06(A) if committed by an adult.  We disagree.

### Groping of Woman Results in Adjudication

{¶2}     According to the testimony presented before the magistrate, the victim entered a downtown parking garage at 5 p.m. on May 16, 2018.  She took the escalator to the fourth floor, while talking on her cell phone.  Unknown to her, D.W. was following behind her.  As the victim approached her car, and with no one else around, D.W. came up behind her and squeezed her buttocks with two hands.  She described the contact as "squeez[ing] like very, very - - like very hard.  It wasn't just like a little grab, but it was a very hard squeeze on both sides of my ass essentially * * *."  She said that D.W. then ran away after she began to chase him.  She was able to take a picture of D.W. with her phone before he escaped, and video surveillance recordings captured D.W. as he approached the victim and his flight afterward, but did not record the incident.  The victim testified that the incident felt "disgusting."

{¶3}     As a result of this and other incidents, D.W. was later arrested.  The conduct that is the subject of this case was charged in the case numbered 17-5383.  Another incident was charged in the case numbered 17-4966.  Both cases proceeded to adjudication.  In the case numbered 17-5383, D.W. was found delinquent for having committed sexual imposition in violation of R.C. 2907.06(A).  In the case numbered 17-4996, D.W. was found delinquent for having committed disorderly conduct.  Both cases were separately appealed; case 17-5383 was appealed in the appeal numbered C-190311, and 17-4966 was appealed in the appeal numbered C-190482.  The cases were then consolidated in this court for resolution.  But since

D.W. has not raised any issues regarding the adjudication in 17-4996, we dismiss the appeal numbered C-190482.

**Sufficient Evidence of Purpose**

{¶4}    In his sole assignment of error, D.W. claims that there was insufficient evidence to establish that he committed sexual imposition.  R.C. 2907.06(A)(1) provides

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> > (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

" 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶5}    When reviewing the sufficiency of the evidence to support a criminal conviction, "the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt." *State v. Pettus*, 1st Dist. Hamilton No. C-170712, 2019-Ohio-2023, ¶ 52, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶6}    D.W. claims that there was no evidence that he grabbed the victim's buttocks "for the purpose of sexually arousing or gratifying either person."

{¶7} In *State v. Mack*, 1st Dist. Hamilton No. C-050968, 2006-Ohio-6284, ¶ 9, this court stated that

> [t]he Ohio Revised Code does not define sexual arousal or gratification. But the statutes contemplate any touching of the specified areas that a reasonable person would perceive as sexually stimulating or gratifying. Whether a touching is for the purpose of sexual gratification or arousal is "a question of fact to be inferred from the type, nature, and circumstances surrounding the contact." While touching by itself is not sufficient for a conviction, the act of touching may constitute strong evidence of intent.

(Internal citations omitted.) This question is not always clear and relies on considering the context. As this court noted,

> the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts, the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines[ ] that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved.

*State v. Hodgkin*, 2019-Ohio-1686, 135 N.E.3d 533, ¶ 11 (1st Dist.), quoting *State v. Cobb*, 81 Ohio App.3d 179, 610 N.E.2d 1009 (9th Dist.1991).

{¶8} In a case similar to the case at bar, the Eighth Appellate District addressed the argument that the state had failed to prove a sexual motivation when "there was no evidence that [the defendant] was physically or audibly aroused and he did not speak any words with a sexual connotation" and there were no threats or attempts to keep the contact secret. *State v. Edwards*, 8th Dist. Cuyahoga No. 81351, 2003-Ohio-998, ¶ 23. In that case, the court concluded that touching the child's breasts three times in a bedroom, along with the statement "you are mine," was sufficient because there was no evidence the touching was for a legitimate purpose or accidental. *Id.* at ¶ 24.

{¶9} In this case, D.W. did not make a statement similar to the statement made by the defendant in *Edwards*. But other factors support the conclusion that the contact violated the statute. As the trial court summarized it,

> the defendant came up from behind [the victim] while she was talking on her cell-phone as she walked to her car in the parking garage and with two hands squeezed both sides of her buttocks hard. This deliberate forceful contact of her erogenous zone caused [the victim] to feel disgusting. The defendant initiated this forceful contact with an erogenous zone from behind while [the victim] was distracted on her phone and vulnerable, outside the presence of potential eyewitnesses, and in a parking garage the defendant was not authorized to be in. When confronted, the defendant fled, as evidenced from the testimony, photograph, and video footage. Considering the type, nature, and circumstances of the contact as described above[,] * * * the defendant grabbed [the victim's] buttocks for sexual gratification.

{¶10} Concededly, this is a close case. But, as with any case when courts are called upon to address a number of nonspecific factors in order to make a

determination, we are called upon to consider where that line is drawn—at what point the evidence become sufficient to establish a defendant's intent. In this case and on these facts, we conclude that a trier of fact could properly have found beyond a reasonable doubt that the victim was grabbed for the purpose of sexual gratification. We overrule D.W.'s sole assignment of error.

### Conclusion

{¶11} For the reasons set forth above, we affirm the judgment of the trial court in the appeal numbered C-190311, and dismiss the appeal numbered C-190482.

Judgment accordingly.

**ZAYAS** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.